UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANALITO RAMA,<br><br>    Defendant. | Case No. 14-cv-04847-WHO<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

A court must accept the allegations of the complaint as true when deciding a motion to dismiss like the one pro se defendant Analito Rama filed against plaintiffs DISH Network LLC ("Dish"), EchoStar Technologies LLC ("EchoStar"), and NagraStar LLC ("NagraStar"). Rama denies the alleged violations of the Digital Millennium Copyright Act ("DMCA"), the Federal Communications Act ("FCA"), and the Electronic Communications Privacy Act ("ECPA") in connection with his use of a television service that allegedly receives unauthorized broadcasts of Dish's copyrighted works, but at this pleading stage I can only determine whether plaintiffs have adequately alleged their causes of action. They have, so I DENY Rama's motion.

Rama's motion was scheduled for hearing on January 21, 2015, but pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and VACATE the hearing. Because it is difficult to litigate a case in federal court, particularly when one is not represented by counsel, I urge Rama to seek assistance from the Legal Help Center, 450 Golden Gate Avenue, 15th floor, Room 2796, San Francisco, CA 94102 and 1301 Clay Street, 4th floor, Room 470 S, Oakland CA 94612. He should call for an appointment at 415-782-8982 or sign up in the appointment book outside either of the Center's offices. There are other useful resources he may review at the "Pro Se Litigants" tab on the Court's website, www.cand.uscourts.gov.

# BACKGROUND

Dish provides copyrighted video, audio, and data services via satellite to paying subscribers. Compl. ¶¶ 10-11 (Dkt. No. 1). EchoStar provides receivers, dish antennae, and other digital equipment to Dish. *Id.* ¶ 15. NagraStar provides smart cards and other equipment that form a conditional access system, which provides security and allows subscribers to receive authorized Dish signals while preventing non-subscribers from receiving signals. *Id.* ¶¶ 15-19.

The plaintiffs allege that Rama subscribed to a private television service called NFusion Private Server ("NFPS"), which illegally obtains the plaintiffs' control keys in order to decrypt Dish's satellite signals and obtain copyrighted programming without authorization. *Id.* ¶ 9. According to the complaint, NFPS is a subscription-based "internet key sharing" or "IKS" service. *Id.* ¶ 22, 25(2).[1] The plaintiffs allege violations of the DMCA, 17 U.S.C. § 1201(a)(1), the FCA, 47 U.S.C. § 605(a), and the ECPA, 18 U.S.C. §§ 2511(1)(a) and 2520, in connection with Rama's use of NFPS to receive unauthorized copyrighted material. *Id.* ¶¶ 30, 35, 39.

Rama, appearing pro se, moves to dismiss the complaint. Mot. at 1 (Dkt. No. 11). He argues that he is unaware of any violations of law in connection with his "ownership of a free-to-air television box," which only includes local access channels and some free-access religious channels. *Id.* at 2. Rama denies accessing any of Dish's paid subscription programming and denies subscribing to NFPS. *Id.* at 2-3. On these grounds, he moves to dismiss the complaint in its entirety. *Id.* at 3.

# LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) provides several bases for dismissal of a complaint. These include: "(1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." FED. R. CIV. P. 12(b). When examining the sufficiency of complaints under Rule 12(b)(6), courts find that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] The complaint has two paragraphs numbered 25. For clarity, I will designate the paragraphs as 25(1) and 25(2).

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing these motions, courts view all of the pleaded facts as true and in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Conclusory statements and "[t]hreadbare recitals of the elements of a cause of action" are insufficient to overcome a motion to dismiss. *Iqbal*, 556 U.S. at 678. Well-pleaded facts must indicate more than the mere possibility of misconduct, and must go "across the line from conceivable to plausible." *Id.* at 679-80 (internal quotations and citations omitted).

## DISCUSSION

In his motion to dismiss, Rama does not specify his proposed basis for dismissal. There is no reason to believe that this Court lacks subject matter jurisdiction or personal jurisdiction in this matter. Likewise, there is no evidence of improper venue, insufficient process or service of process, or failure to join a necessary party. Given the focus of Rama's motion, which attacks the facts and substance of the complaint, I treat this as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

In the motion, Rama primarily disputes the factual allegations in the complaint. *See* Mot. at 2-3. For example, he asserts that he did not purchase or have any knowledge of NFPS, and that he does not unlawfully access the plaintiffs' copyrighted material. *See id.* at 6-7. However, disputes as to the veracity of factual allegations in the complaint do not provide a basis for dismissal under Federal Rule of Civil Procedure 12; on the contrary, the facts must be viewed in the light most favorable to the plaintiffs. *See Chavez v. Blue Sky Natural Beverage Co.*, 340 F. App'x 359, 360 (9th Cir. 2009) ("the motion [to dismiss] is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."); *Lee*, 250 F.3d at 679.

I first consider the plaintiffs' claim for violation of the DMCA. "To state a claim under § 1201(a), a plaintiff must allege: (1) ownership of a copyrighted work; (2) [that is] effectively controlled by a technological measure which has been circumvented." *Coupons, Inc. v. Stottlemire*, 588 F. Supp. 2d 1069, 1073 (N.D. Cal. 2008). The complaint alleges that Dish "contracts for and purchases the distribution rights for most of the programming broadcast on the

3

DISH Network platform" and that "[t]he works broadcast by DISH Network are copyrighted." Compl. ¶¶ 12-13. It further alleges, with detailed explanations, that Dish's broadcasts are protected by smart cards and other proprietary technologies, which are circumvented by IKS operations such as NFPS. *Id.* ¶¶ 15-25(2). These allegations adequately plead a violation of the DMCA.

Turning to the second claim, "[s]ection 605(a) of the Communications Act prohibits the unauthorized receipt and use of . . . communications for one's own benefit or for the benefit of another not entitled thereto." *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) (internal quotations and citations omitted). In order to properly plead this count, the plaintiffs must allege that Rama possessed an access device that unlawfully obtained signals and that he "received or assisted in receiving a communication to which he was not entitled." *In re DIRECTV, Inc.*, No. C-02-5912-JW, 2004 WL 2645971, at *9 (N.D. Cal. July 26, 2004). The complaint states that Rama subscribed to NFPS, which circumvented the plaintiffs' copyright protection controls and allowed him to obtain copyrighted satellite communications. Compl. ¶¶ 25(2), 35. It pleads that Rama did so willfully and for the purpose of private gain. *Id.* ¶ 36. Taken as true, these allegations sufficiently plead a violation of section 605(a) of the FCA. *See DirecTV, Inc. v. Garcia*, No. 03-20452-CIV-LENARD, 2003 WL 24053774, at *3 (S.D. Fla. May 21, 2003) (denying motion to dismiss based upon similar allegations); *Echostar Technologies Corp. v. Starczewski*, No. CIV.A.CV04-2010(DGT), 2006 WL 1307984, at *2 (E.D.N.Y. May 10, 2006).

Lastly, in order to state a claim for a violation of 18 U.S.C. § 2511, "the plaintiff must plead facts showing that the defendant intentionally intercepted the plaintiff's satellite television programming without proper authorization." *Dish Network L.L.C. v. Gonzalez*, No. 1:13-CV-00107-LJO, 2013 WL 2991040, at *4 (E.D. Cal. June 14, 2013) *report and recommendation adopted*, No. 1:13-CV-00107-LJO, 2013 WL 4515967 (E.D. Cal. Aug. 26, 2013); *see also Webb*, 545 F.3d at 844. As discussed with regard to the above counts, the plaintiffs claim that Rama intentionally intercepted their satellite communications of copyrighted material through his use of the NFPS. *See* Compl. ¶¶ 38-41. Taking these allegations as true, it is plausible that Rama violated the ECPA, and the complaint is sufficiently well-pleaded to survive a motion to dismiss.

4

**CONCLUSION**

Because the plaintiffs have adequately pleaded their claims, Rama's motion to dismiss is DENIED. Rama may file an answer to the complaint within 20 days of this order. *See* FED. R. CIV. P. 12(a). As stated above, I encourage him to take advantage of the Legal Help Center and the resources on the Court's website if he remains unrepresented.

**IT IS SO ORDERED**.

Dated: January 13, 2015



WILLIAM H. ORRICK
United States District Judge